**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

---

**THE AMERICAN AUTOMOBILE**
**ASSOCIATION, INC.,**

    **Plaintiff,**

    **v.**

**P&J AUTO COMPRESSORS, INC. and**
**ROY SHAKED,**

    **Defendants.**

**Civil Complaint No.**

---

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff The American Automobile Association, Inc. ("AAA"), brings this Complaint for injunctive relief, monetary damages, and other relief against Defendants P&J Auto Compressors, Inc. and Roy Shaked (collectively "Defendants"). AAA alleges as follows:

## NATURE OF THE ACTION

1.    This is an action for trademark infringement and unfair competition in violation of Sections 32 and 43(a) of the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. §§ 1114 and 1125(a), Fla. Stat. § 495.131 *et seq.*, and the common law; for trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) and Fla. Stat. § 495.151 *et seq.*; for trademark cyberpiracy in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d); and for unfair trade practices in violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.* AAA seeks injunctive relief, monetary damages, restitution, and all appropriate relief, including an order enjoining Defendants from using AAA's trademarks in their business names and an order requiring Defendants to transfer to AAA the

{M2944491;1}

domain names AAAAUTOACSERVICE.COM, AAAAUTOACANDRADIATORS.COM, AAAAUTOAC.NET, and AAARADIATORSANDAC.COM (the "Infringing Domain Names").

2.     This action arises out of Defendants' knowing and willful violation of AAA's rights in its famous and distinctive AAA trademarks (the "AAA Marks"). Defendants have used and continue to use the AAA Marks in commerce without authorization and with full knowledge that they are not authorized to use those marks. Specifically, Defendants have used the AAA Marks without authorization in the Infringing Domain Names and in the business names AAA Auto AC Service, AAA Auto Air Conditioning, AAA Auto Services of North Miami Beach, AAA Radiators & Air Conditioning, AAA A/C and Radiators, and AAA Air Conditioning & Radiator (the "Infringing Business Names").

3.     On information and belief, Defendants' unlawful use of the AAA Marks is likely to cause—and in fact may have already caused—consumers to believe, erroneously, that AAA has endorsed Defendants' services, jeopardizing the goodwill associated with AAA's Marks, confusing those consumers seeking the reliable and dependable services of AAA, and unjustly enriching Defendants.

4.     On information and belief, Defendants' unlawful acts have lessened the capacity of AAA's famous AAA Marks to identify and distinguish the products and services AAA provides under those Marks and thus diluted the distinctive quality of the Marks. Furthermore, Defendants' use of the famous and distinctive AAA Marks has tarnished and harmed the goodwill and reputation of the AAA Marks.

5.     In addition, on information and belief, Defendants intentionally profited from their unauthorized use of the AAA Marks and the Infringing Domain Names and have

made unauthorized commercial use of the Marks in Florida and elsewhere to their benefit and to the detriment of AAA and of consumers, in violation of the laws set forth above.

## THE PARTIES

6.      Plaintiff AAA is a not-for-profit, non-stock corporation organized and existing under the laws of Connecticut, with its principal place of business in Heathrow, Florida. AAA provides its over 50 million members with a wide variety of products and services throughout the United States and Canada, including in Florida.  AAA's services include travel and automobile products and services, financial advice, insurance and warranty coverage, and discounts.  AAA provides its products and services through the many local AAA member clubs that it endorses.

7.      On information and belief, Defendant P&J Auto Compressors, Inc. is a corporation organized under the laws of Florida with a principal place of business at 15570 West Dixie Highway, North Miami Beach, Florida 33162.  On further information and belief, P&J Auto Compressors, Inc. is the owner of the Florida state registrations for the fictitious business names AAA Auto AC Service,[1] AAA Auto Services of North Miami Beach, and AAA Radiators & Air Conditioning.

8.      On information and belief, Defendant Roy Shaked is the president/director and registered agent of P&J Auto Compressors, Inc. and resides at 10125 West Broadview Drive, Bay Harbor Island, Florida, 33154 or 15570 West Dixie Highway, North Miami Beach, Florida 33162.  On further information and belief, Defendant Shaked owns and controls, and is

---

[1]      The owner of AAA Auto AC Service is listed in the business name registration as "P&J Auto AC Compressor, Inc.," which has the same address as Defendant P&J Auto Compressor, Inc.  There is no Florida corporation named "P&J Auto AC Compressor, Inc."  On information and belief, the true owner of AAA Auto AC Service is Defendant P&J Auto Compressors, Inc.

the registrant for, the Infringing Domain Names.  On further information and belief, Defendant Shaked was the president/director and registered agent of the former Florida corporations Sagi Enterprises, Inc. and Mimi and Roy, Inc.

9.      Melbourne IT, Ltd. is a registrar of domain names.  Melbourne IT, Ltd. is not a party to this action, but it is the registrar of the domain names AAAAUTOACSERVICE.COM, AAAAUTOACANDRADIATORS.COM, and AAARADIATORSANDAC.COM.  Melbourne IT, Ltd. is located and has its principal place of business at Level 2, 120 King Street, Melbourne Victoria 3000, Australia.

10.      GoDaddy.com, Inc. ("GoDaddy") is a registrar of domain names. GoDaddy is not a party to this action, but it is the registrar of the domain name AAAAUTOAC.NET.  GoDaddy is located and has its principal place of business at 14455 North Hayden Road, Suite 226, Scottsdale, Arizona 85260.

## JURISDICTION AND VENUE

11.      This Court has jurisdiction over the subject matter of this action under 15 U.S.C. §§ 1121 and 1125(d), and under 28 U.S.C. §§ 1331, 1337, and 1338.  This Court has jurisdiction over Plaintiff's state law claims under 28 U.S.C. §§ 1338(b) and 1367(a), as well as under general principles of supplemental and pendent jurisdiction.

12.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because, upon information and belief, a substantial part of the events giving rise to the claims occurred in the Southern District of Florida.  On information and belief, the events giving rise to the claims originate in this District because Defendant P&J Auto Compressors, Inc. is a business with its principal location in this district.  In addition, Defendants reside in and do business in this District and are therefore subject to personal jurisdiction in this District.

{M2944491;1}

## FACTS ENTITLING AAA TO RELIEF

**A.    AAA's Widespread and Substantial Use of Its Registered AAA Marks**

13.    Since its founding over a century ago, AAA has enjoyed a reputation as one of the world's premier client service organizations.  That reputation is largely based upon the quality and reliability of the many products and services it offers through its AAA Member Clubs.

14.    Although its original focus was on combating unfair automobile laws and campaigning for better roads and more reliable vehicles, AAA quickly expanded its charter.  It established itself almost immediately as a forceful advocate for travel safety and road improvements.  Shortly thereafter, it also became associated with reliable travel-related information.  Today, AAA offers a broad range of products and services, including but also going beyond automobiles and travel.

15.    AAA has invested significant resources to develop and foster the reputation, recognition, and goodwill associated with its products and services.  AAA's efforts include extensive advertising campaigns and promotional efforts along with retaining that goodwill by maintaining its commitment to quality and reliability.

16.    AAA has used the AAA Marks and logo designs in interstate commerce to identify a wide range of products and services for decades.  Only those businesses that are part of AAA's network of approved service providers are authorized to use or display the AAA Marks.  Consequently, AAA members and the public know that local businesses displaying AAA Marks are selected only if they maintain excellent reputations for quality, integrity, reliability, and service.

17.    AAA and its local clubs have registered many AAA-related domain names and maintain several Internet websites through which AAA members and members of the

general public may obtain information and, in some cases, purchase or use products and services (the "AAA Websites").

18.     The AAA Websites are created and operated, in part, for purposes of attracting potential members and customers, encouraging their interest in AAA and its local clubs, and offering products and services to customers in the United States.  This objective has been, and continues to be, thwarted to a significant extent, however, because potential AAA members and customers who, in an attempt to reach a website affiliated with or endorsed by AAA, instead reach the unaffiliated websites registered and hosted by the Defendants' Infringing Domain Names.

19.     AAA has been selective in permitting businesses and organizations to use the AAA Marks in connection with their products and services, including on the Internet. Businesses and organizations that AAA has permitted to use the AAA Marks (including all the AAA local clubs) are selected and permitted to do so if, and only if, they maintain excellent reputations for quality, integrity, reliability, and service.

20.     As a result of AAA's history and experience providing high quality products and services through the AAA local clubs, and as a result of the continuous and extensive advertising, promotion, and sale of products and services under the AAA Marks, those trademarks have acquired substantial value and fame in the United States and throughout the World.

21.     Further, the AAA Marks are widely recognized by consumers in this country and abroad and have acquired enormous goodwill as trademarks identifying high quality and reliable products and services.  Indeed, the AAA Marks are distinctive such that consumers

recognize that goods and services marketed under the AAA Marks originate with, or are approved or endorsed by, AAA and the AAA local clubs.

22.     AAA has registered with the United States Patent and Trademark Office more than 70 of its AAA Marks, which AAA has used since at least 1902 in connection with the broad array of products and services offered to its members.   The federal registrations Defendants are violating are:

a)     Reg. No. 829,265 for the AAA Mark, used since 1902 in connection with, and to identify and distinguish, the numerous automobile and transportation-related services;

b)     Reg. No. 2,158,654, for the AAA Mark & Design used in connection with a variety of automobile related goods and services, among others;

c)     Reg. No. 1,449,079, for the AAA APPROVED AUTO REPAIR Mark & Design used in connection with automobile repair services since 1975; and

d)     Reg. No. 3,426,468. for the AAA APPROVED AUTO REPAIR Mark & Design used in connection with automobile repair services.

Copies of the registration certificates for the above marks are available in the United States Patent and Trademark office website: http://www.uspto.gov.

23.     Pursuant to 15 U.S.C. § 1057(b), the registration certificates for the AAA Marks, including those marks identified in paragraph 22, constitute *prima facie* evidence of the validity of those registrations, of AAA's ownership of the trademarks set forth therein, and of AAA's exclusive right to use those trademarks in commerce and in connection with the products and services specified in the registration certificates.  Pursuant to 15 U.S.C. § 1065, AAA's right to use certain of the AAA Marks identified above has become legally incontestable.

24.     In addition, AAA has registered the "AAA" mark with the Florida Department of State, Registration No. T06000001358.  Copies of the registration certificate for this mark are available in the Florida Department of State website:  http//sunbiz.org/search.html.

**B.          Defendants' Unlawful Use of Plaintiff's AAA Marks**

25.     Defendants' use of the AAA Marks damages the reputation, recognition, and goodwill associated with the famous and distinctive AAA Marks.

26.     AAA never authorized Defendants to use its AAA Marks or to register the Infringing Domain Names.

27.     On information and belief, Defendants knowingly and willfully violated AAA's rights in its famous and distinctive AAA Marks by using in commerce the Infringing Business Names and by registering and using the Infringing Domain Names (hereinafter collectively the "Infringing Uses").

*1.     Defendants Unlawful Use*

28.     On information and belief, Defendant Shaked has attempted to benefit from the unauthorized use of the AAA Marks in business names in Florida since 1992.

29.     On information and belief, Defendant Shaked registered the business name AAA Radiators & Air Conditioning in 1992 through the Florida corporation Sagi Enterprises, Inc., of which he was the president/director and registered agent.  On information and belief, Sagi Enterprises, Inc. dissolved in 1994, and the registration for the AAA Radiators & Air Conditioning business name expired in 1997.

30.     On information and belief, Defendant Shaked also registered the business name AAA Radiator in 1994 through the Florida corporation Mimi and Roy, Inc., of which he

was the president/director and registered agent.  On information and belief, Mimi and Roy, Inc. dissolved in 2002, and the AAA Radiator business name expired in 2004.

31.     On information and belief, Defendant Shaked registered the business name AAA Radiators & Air Conditioning in 2002 through Defendant P&J Auto Compressors, Inc., of which he is the president/director and registered agent.  On information and belief, the AAA Radiators & Air Conditioning business name is registered through December 31, 2012, and Defendant Shaked continues to use the name in connection with his business.

32.     On information and belief, Defendant Shaked registered the business name AAA Auto Services of North Miami Beach in 2005 through Defendant P&J Auto Compressors, Inc.  On information and belief, the AAA Auto Services of North Miami Beach business name is registered through December 31, 2010, and Defendant Shaked continues to use the name in connection with his business.

33.     On information and belief, Defendant Shaked registered the business name AAA Auto AC Service in January 2009 through Defendant P&J Auto Compressor, Inc.  On information and belief, the business name AAA Auto AC Service is registered through December 31, 2014, and Defendant Shaked continues to use the name in connection with his business.

34.     Defendant Shaked is also doing business under names that are not registered with the State of Florida.  On the websites associated with the Infringing Domain Names, Defendant Shaked identifies his business as both "AAA A/C and Radiators" and "AAA Air Conditioning and Radiator."   Moreover, on information and belief, Defendant Shaked advertises his business as "AAA Auto Air Conditioning" on a prominent sign affixed to the outside of the business that is easily viewed by passing motorists and others.

35.    On information and belief, in January 2009, Defendant Shaked registered the domain names AAAAUTOACANDRADIATORS.COM, AAAAUTOACSERVICE.COM, and AAARADIATORSANDAC.COM to host a website offering goods and services in connection with his auto repair business.

36.    On information and belief, Defendant Shaked registered the domain name AAAAUTOAC.NET, using the registrant name "AAA Radiators and AC" in September 2009. The domain name resolves to a parking page offering pay-per-click advertisements for goods and services that compete with those offered by AAA.

37.    On information and belief Defendant Shaked is further advertising his business as "AAA Air Conditioning and Radiator" on a website associated with the domain name AAARADIATOR.NET, which is registered to PennySaverUSA, a publisher of print and online classified advertisements.

38.    Although not affiliated with or authorized by AAA, Defendants are using the Infringing Business Names in connection with the sale, offering for sale, distribution, and advertising of automobile repair services in Florida.  Such unauthorized use of the AAA Marks has caused or is likely to cause confusion among consumers who associate AAA with providing automotive services.

39.    On information and belief, at the time Defendants began using the Infringing Business Names and the Infringing Domain Names, and at all times thereafter, they were aware, or had reason to know, of AAA's rights in the AAA Marks, which they knew were famous and valuable.

40.    On information and belief, Defendants knowingly and for profit engaged in the Infringing Uses to attract consumers, knowing that consumers would wrongly believe such

uses were sponsored or endorsed by, or associated or affiliated with, AAA and indeed already may have caused confusion among consumers.

41.     Upon information and belief, Defendant Shaked registered the Infringing Domain Names with the intent of using the domain names to host advertisements for his business or to host links for goods and services that compete with those goods and services offered by AAA.

42.     Further, on information and belief, Defendants' Infringing Uses have been and continue to be of commercial value to Defendants.

*2.     Defendants' Failure to Comply with AAA's Notices*

43.     AAA first became aware of Defendants' unauthorized use of its AAA Marks when it discovered in June 2009 that the domain names AAAAUTOAC.COM,[2] AAAAUTOACANDRADIATORS.COM, AAAAUTOACSERVICE.COM, and AAARADIATORS.NET were registered to Defendant Shaked.

44.     AAA investigated and discovered that Defendant Shaked had registered previous business names making unauthorized use of the AAA Marks and was doing business under the Infringing Business Names, including those registered through Defendant P&J Auto Compressors, Inc.

45.     On June 30, 2009, AAA sent a letter and email to Defendant Shaked at the street address listed in the WHOIS records for the Infringing Domain Names, which is the same address listed in the Florida State business registrations for Defendant P&J Auto Compressors, Inc. and all of the Infringing Business Names.  The letter urged Defendant Shaked to cease using

---

[2]     The registration for the AAAAUTOAC.COM domain name has expired.

the business name AAA A/C and Radiators and to transfer the Infringing Domain Names.  The email was successfully delivered to the email address listed for Defendant Shaked in the WHOIS records for the Infringing Domain Names, and Defendant Shaked received a copy of the letter by certified mail.

46.     On July 13, 2009, AAA received a letter from Sagi Shaked of the Shaked Law Firm, P.A., informing AAA that Defendant Shaked was unwilling to cease unauthorized use of the AAA Marks in the Infringing Business Names or to transfer the Infringing Domain Names.

47.     AAA's subsequent efforts to negotiate an amicable resolution with Sagi Shaked were either rebuffed or ignored.

48.     On information and belief, Defendants registered and placed into commerce the Infringing Uses, as described above, to trade on, and to benefit from, the popularity and goodwill of the AAA Marks and of the high quality and reliable products and services associated with and sold under those trademarks.

49.     Defendants, despite having been notified on multiple occasions that their continued unauthorized use of the AAA Marks constitutes actionable trademark infringement, false designation of origin, trademark dilution, and unfair competition, continue to use the AAA Marks and continue to benefit from their unauthorized use.

50.     On information and belief, Defendants' unlawful conduct as set forth herein was and continues to be willful, deliberate, and in bad faith.

51.     Plaintiff's AAA Marks are famous and distinctive, became famous and distinctive before Defendants began the Infringing Uses, and are entitled to a broad scope of protection.  Defendants' Infringing Uses lessened the capacity of Plaintiff's AAA Marks to

identify and distinguish the products and services provided or endorsed by, or affiliated with, AAA under the AAA Marks and, thus, dilute the distinctive quality of Plaintiff's AAA Marks.

52.     For the foregoing reasons, Defendants' Infringing Uses have caused and likely will continue to cause injury to AAA and to the goodwill and value of its AAA Marks.

## COUNT I
### (Federal Trademark Infringement in Violation of Section 32 of the Lanham Act)

53.     AAA repeats and realleges the allegations set forth in paragraphs 1-52 above.

54.     The Infringing Uses violate Section 32 of the Lanham Act, 15 U.S.C. § 1114, because they constitute willful and deliberate uses in commerce of reproductions, copies, and/or colorable imitations of AAA's federally registered AAA trademarks in connection with the sale, offering for sale, distribution, and advertising of Defendants' products and services in a manner likely to cause confusion, mistake, and deception.

55.     On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

56.     These violations have irreparably damaged AAA, and it has no adequate remedy at law.  Unless enjoined, Defendants will continue the Infringing Uses, further injuring AAA and confusing the public.

57.     On information and belief, Defendants received substantial revenues and substantial profits as a result of their Infringing Uses, to which Defendants are not entitled, and AAA has also suffered damages as a result of the Infringing Uses, for which Defendants are responsible.

{M2944491;1}

## COUNT II
**(Federal Trademark Infringement and Unfair Competition in Violation of Section 43(a) of the Lanham Act)**

58.     AAA repeats and realleges the allegations set forth in paragraphs 1-52 above.

59.     Defendants' Infringing Uses violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Defendants willfully and deliberately used in commerce words, terms, names, and/or false designations of origin that likely caused confusion and mistake as to the origin, sponsorship, or approval by AAA of services promoted by Defendants.  This constituted unfair competition and infringement of Plaintiff's AAA Marks.

60.     On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

61.     Defendants' violation of this statute has and will continue to cause irreparable harm to AAA, for which AAA has no adequate remedy at law.  Unless enjoined, Defendants will continue the Infringing Uses, further injuring AAA and confusing the public.

62.     On information and belief, Defendants have received substantial revenues and substantial profits as a result of their Infringing Uses, to which Defendants are not entitled, and AAA has also suffered damages as a result of the Infringing Uses, for which Defendants are responsible.

## COUNT III
**(Federal Trademark Dilution in Violation of Section 43(c) of the Lanham Act)**

63.     AAA repeats and realleges the allegations set forth in paragraphs 1-52 above.

64.     Defendants' Infringing Uses violate Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), because such uses, which commenced after Plaintiff's AAA Marks became

famous, are intended to derive a commercial benefit from the value and goodwill associated with the AAA Marks and have caused dilution of the distinctive quality of the Marks.

65. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

66. Defendants' violation of this statute has and will continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law.  Unless enjoined, Defendants will continue the Infringing Uses, further injuring AAA and confusing the public.

**COUNT IV**
**(Federal Trademark Cyberpiracy in Violation of Section 43(d) of the Lanham Act)**

67. AAA repeats and realleges the allegations set forth in paragraphs 1-52 above.

68. Defendants' unauthorized registration and use of the Infringing Domain Names violates AAA's rights under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d), because:  (i) Plaintiff is the owner of the AAA Marks, which are registered in the United States Patent and Trademark Office and protected under the Lanham Act, 15 U.S.C. §§ 43(a), (c) and (d); (ii) Defendants registered, trafficked in, and/or used the Infringing Domain Names with a bad faith intent to profit from AAA's already famous and distinctive AAA Marks; (iii) the Infringing Domain Names are confusingly similar to Plaintiff's AAA trademarks; and (iv) Plaintiff's AAA Marks were distinctive and famous at the time of the registration of the Infringing Domain Names.

69. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

70. Defendants' violation of the statute has and will continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law.  Unless enjoined,

Defendants will continue to use the AAA Marks and Infringing Domain Names, further injuring AAA and confusing the public.

71.     On information and belief, Defendants have received substantial revenues and substantial profits as a result of their Infringing Uses, to which Defendants are not entitled, and AAA has also suffered damages as a result of the Infringing Uses, for which Defendants are responsible.

## COUNT V
### (Trademark Infringement in Violation of Section 495.131 of the Florida Code)

72.     AAA repeats and realleges the allegations set forth in paragraphs 1-52 above.

73.     Defendants' acts violate Section 495.131 of the Florida Code, Fla. Stat. § 495.131 *et seq.*  The Infringing Uses constitute unconsented copies or colorable imitations of a Florida Mark offering sale or advertising services in a manner likely to cause confusion or mistake as to the source of origin of the services.

74.     On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

75.     Defendants' violation of Section 495.131 has caused irreparable damage to AAA, for which AAA has no adequate remedy at law.  Unless enjoined, Defendants will continue the violation, further injuring AAA and confusing the public.

76.     On information and belief, Defendants have received substantial revenues and substantial profits as a result of their Infringing Uses, to which Defendants are not entitled, and AAA has also suffered damages as a result of the Infringing Uses, for which Defendants are responsible.

## COUNT VI
### (Trademark Dilution in Violation of the Florida Code)

77.     AAA repeats and realleges the allegations set forth in paragraphs 1-52 above.

78.     Defendants' acts violate Section 495.151 of the Florida Code, Fla. Stat. § 495.151 *et seq.*  Defendants' Infringing Uses are intended to derive a commercial benefit from AAA's already famous and distinctive Marks, causing a likelihood of injury to AAA's business reputation and/or a dilution of the distinctive value and goodwill associated with AAA's Marks, causing damages to AAA.

79.     On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

80.     Defendants' violation of Section 495.151 has caused irreparable damage to AAA, for which AAA has no adequate remedy at law.  Unless enjoined, Defendants will continue the violation, further injuring AAA and confusing the public.

## COUNT VII
### (Unfair Competition in Violation of the Florida Deceptive and Unfair Trade Practices Act)

81.     AAA repeats and realleges the allegations set forth in paragraphs 1-52 above.

82.     The foregoing acts of Defendants violate the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.*  The Infringing Uses have caused, and continue to cause, a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of services provided.

83.     Members of the general public are likely to be confused as to whether Defendants are affiliated with AAA.  This conduct has had, and will continue to have, an adverse impact on AAA and on members of the general public because it wrongly suggests a cooperative

{M2944491;1}

17

business relationship that does not exist in fact.  As a direct and proximate result of Defendants'
unfair trade practices, members of the general public have mistakenly believed, and will continue
to mistakenly believe, that Defendants' businesses, and the services provided by Defendants, are
approved or endorsed by, or otherwise affiliated with, AAA.

84.     On information and belief, Defendants' unlawful conduct as set forth
herein has been and continues to be willful, deliberate, and in bad faith.

85.     AAA and the general public have been, and continue to be, irreparably
damaged by the violation of this statute, and AAA has no adequate remedy at law.  Unless
enjoined, Defendants will continue the Infringing Uses, further injuring AAA and confusing the
public.

**PRAYER FOR RELIEF**

WHEREFORE, AAA respectfully seeks the following relief:

1.     Enjoin and restrain Defendants, their agents, servants, employees,
attorneys, and all persons in active concert or participation with any of them, from engaging in
any of the following acts:

(1)     Using without the authorization of AAA any of AAA's Marks,
logos, and trade names, including, but not limited to, the designation "AAA" or any other name,
logo, or Mark that includes the designation "AAA" or that is confusingly or deceptively similar
to any of AAA's Marks, logos, and trade names, either alone or in conjunction with other words
or symbols, as a part of any trademark, service mark, logo, trade name, corporate name, assumed
name, domain name, on or in relation to any goods sold or distributed by the Defendants, or in
any other manner; and

(2)     Using the letter "A" or any multiple combination of letters "A" in any form or manner that would tend to identify or associate Defendants or their business or services with AAA, including, without limitation, in the marketing, promotion, advertising, identification, sale or distribution of goods or services, or in any other manner;

2.     Require Defendants, pursuant to 15 U.S.C. § 1118, to destroy all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, Internet content, stationery, software, and any other items in their possession or control which contain the infringing designations "AAA," or any term confusingly similar to "AAA," either alone or in combination with other words or symbols and to destroy all plates, molds, matrices, masters, and other means of making any of those infringing items;

3.     Require Defendants to cancel their registration for the Infringing Domain Names and any other domain names in their control that contain "AAA";

4.     Require Defendants to file with the Court and to serve on AAA, within thirty (30) days after the entry of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

5.     Require Defendants to pay to AAA an amount yet to be determined to compensate AAA for all damages sustained as a result of Defendants' unlawful conduct described above, plus interest thereon, and require, with respect to damages resulting from infringement or dilution of the AAA Marks or from unfair competition under the Lanham Act, that such damages be trebled pursuant to 15 U.S.C. § 1117;

6.     Require Defendants to account for and pay to AAA all the profits derived by Defendant resulting from their use of the AAA Marks;

{M2944491;1}

7.     Award AAA the costs of this suit and its reasonable attorneys' fees in accordance with 15 U.S.C. § 1117 and Florida law;

8.     Award AAA statutory damages in the amount of $100,000 per Infringing Domain Name pursuant to 15 U.S.C. § 1117(d), or some other amount as the Court considers just;

9.     Award prejudgment interest on all liquidated sums; and

10.    Award such other and further relief as the Court deems just and proper.


June 16, 2010                                   Respectfully submitted,

                                                **AKERMAN SENTERFITT**
                                                Sun Trust International Center, 25th Floor
                                                One Southeast Third Avenue
                                                Miami, Florida 33131-1704
                                                Phone: (305) 374-5600
                                                Fax: (305) 374-5095


                                                By: /s/ Samantha J. Kavanaugh
                                                    Samantha J. Kavanaugh, Esq.
                                                    Florida Bar No.: 0194662
                                                    samantha.kavanaugh@akerman.com

                                                *Attorneys for Plaintiff, The American Automobile
                                                Association, Inc.*


OF COUNSEL:
Neil K. Roman, Esq.
Hope Hamilton, Esq.
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2401
(202) 662-6000